# UNITED STATES JUDICIAL PANEL
### on
# MULTIDISTRICT LITIGATION

### NOTICE OF HEARING SESSION

Pursuant to the order of the United States Judicial Panel on Multidistrict Litigation filed today, notice is hereby given that a hearing session has been scheduled to consider various matters under 28 U.S.C. § 1407.

DATE OF HEARING SESSION:          **January 29, 2015**

LOCATION OF HEARING SESSION:     Wilkie D. Ferguson, Jr. U.S. Courthouse
Ceremonial Courtroom 13-3, 13th Floor
400 North Miami Avenue
Miami, Florida  33128

TIME OF HEARING SESSION:  In those matters designated for oral argument, counsel presenting oral argument must be present at **8:00 a.m.** in order for the Panel to allocate the amount of time for oral argument.  Oral argument will commence at **9:30 a.m.**

SCHEDULED MATTERS:  Matters scheduled for consideration at this hearing session are listed on the enclosed Hearing Session Order and Schedule of Matters for Hearing Session.

- Section A of this Schedule lists the matters designated for oral argument and includes all actions encompassed by Motion(s) for transfer filed pursuant to Rules 6.1 and 6.2.  Any party waiving oral argument pursuant to Rule 11.1(d) need not attend the Hearing Session.
- Section B of this Schedule lists the matters that the Panel has determined to consider **without oral argument**, pursuant to Rule 11.1(c).  Parties and counsel involved in these matters need not attend the Hearing Session.

ORAL ARGUMENT:  The Panel carefully considers the positions advocated in filings with the Panel when it allocates time to attorneys presenting oral argument.  The Panel, therefore, expects attorneys to adhere to those positions (including those concerning an appropriate transferee district).  Any change in position should be conveyed to Panel staff before the beginning of oral argument.  Where an attorney thereafter advocates a position different from that conveyed to Panel staff, the Panel may reduce the allotted argument time and decline to hear further from that attorney.

- 2 -

For those matters listed on Section A of the Schedule, the "Notice of Presentation or Waiver of Oral Argument" must be filed in this office no later than **January 12, 2015.**  The procedures governing Panel oral argument (Panel Rule 11.1) are attached.  The Panel strictly adheres to these procedures.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

cc:  Clerk, United States District for the Southern District of Florida

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

### HEARING SESSION ORDER

The Panel issues the following orders in connection with its next hearing session,

IT IS ORDERED that on January 29, 2015, the Panel will convene a hearing session in Miami, Florida, to consider the matters on the attached Schedule under 28 U.S.C. § 1407.

IT IS FURTHER ORDERED that the Panel may, on its own initiative, consider transfer of any or all of the actions in those matters to any district or districts.

IT IS FURTHER ORDERED that the Panel will hear oral argument on the matters listed on Section A of the attached Schedule, unless the parties waive oral argument or unless the Panel decides to dispense with oral argument pursuant to Panel Rule 11.1(c).

IT IS FURTHER ORDERED that the Panel will consider without oral argument the matters listed on Section B of the attached Schedule pursuant to Panel Rule 11.1(c). The Panel reserves the prerogative, on any basis including submissions of parties pursuant to Panel Rule 11.1(c), to designate any of those matters for oral argument.

IT IS FURTHER ORDERED that the Clerk of the Judicial Panel on Multidistrict Litigation shall direct notice of this hearing session to counsel for all parties involved in the matters on the attached Schedule.

PANEL ON MULTIDISTRICT LITIGATION

_Sarah Vance_
_____
Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | R. David Proctor |
| Ellen Segal Huvelle | Catherine D. Perry |

**SCHEDULE OF MATTERS FOR HEARING SESSION**
January 29, 2015 -- Miami, Florida

**SECTION A**
**MATTERS DESIGNATED FOR ORAL ARGUMENT**

(This schedule contains only those civil actions listed in the Schedule(s) of Actions submitted with the docketed motion(s) for transfer. See Panel Rules 6.1 and 6.2. In the event these dockets are centralized, other actions of which the Panel has been informed may be subject to transfer pursuant to Panel Rule 7.1.)

MDL No. 2593 -   **IN RE: MINUTE MAID POMEGRANATE BLUEBERRY FLAVORED JUICE BLEND MARKETING AND SALES PRACTICES LITIGATION**

Motion of defendants The Minute Maid Company and The Coca-Cola Company to transfer the following actions to the United States District Court for the Central District of California:

Central District of California

SAEIDAIN v. THE COCA COLA COMPANY, C.A. No. 2:09-06309

Northern District of Florida

STANSFIELD, ET AL. v. MINUTE MAID COMPANY, ET AL., C.A. No. 4:14-00290

MDL No. 2594 -   **IN RE: DIRECTV, INC., FAIR LABOR STANDARDS ACT (FLSA) AND WAGE AND HOUR LITIGATION**

Motion of plaintiffs to transfer the following actions to a single United States District Court:

Central District of California

JONES, ET AL. v. DIRECTV, INC., ET AL., C.A. No. 2:13-08108
ADDISION, ET AL. v. DIRECTV, INC., ET AL., C.A. No. 2:13-08109

District of Colorado

SAIS v. DIRECTV, INC., ET AL., C.A. No. 1:14-02050

District of Connecticut

GRETTLER, ET AL. v. DIRECTV, INC., ET AL., C.A. No. 3:14-01052

Northern District of Illinois

ANAYA, ET AL. v. DIRECTV, INC., ET AL., C.A. No. 1:14‒05703

District of Maryland

HALL, ET AL. v. DIRECTV, INC., ET AL., C.A. No. 1:14‒02355

District of Minnesota

SCHMIDT, ET AL. v. DIRECTV, INC., ET AL., C.A. No. 0:14‒03000

District of New Jersey

DEMARCO, ET AL. v. DIRECTV, INC., ET AL., C.A. No. 3:14‒04623

Southern District of New York

MULLINGS, ET AL. v. DIRECTV, INC., ET AL., C.A. No. 1:14‒05743

Eastern District of Pennsylvania

FIELDS, ET AL. v. DIRECTV, INC., ET AL., C.A. No. 2:14‒04427

Eastern District of Wisconsin

MCCAFFERY, ET AL. v. DIRECTV, INC., ET AL., C.A. No. 2:14‒00877

MDL No. 2595 ‒ **IN RE: COMMUNITY HEALTH SYSTEMS, INC., CUSTOMER DATA SECURITY BREACH LITIGATION**

Motion of plaintiffs Denise B. Alverson, et al., to transfer the following actions to the United States District Court for the Northern District of Alabama:

Northern District of Alabama

ALVERSON, ET AL. v. COMMUNITY HEALTH SYSTEMS, INC., ET AL., C.A. No. 2:14‒01620

Southern District of Mississippi

LAWSON, ET AL. v. COMMUNITY HEALTH SYSTEMS, INC., ET AL., C.A. No. 3:14‒00712

District of New Mexico

BRITO v. COMMUNITY HEALTH SYSTEMS PROFESSIONAL SERVICES
CORPORATION, ET AL., C.A. No. 1:14–00929

Middle District of Pennsylvania

ROMAN v. COMMUNITY HEALTH SYSTEMS, INC., ET AL., C.A. No. 3:14–01705

Southern District of West Virginia

GLAH, ET AL. v. COMMUNITY HEALTH SYSTEMS, INC., ET AL., C.A.
No. 2:14–25783

MDL No. 2596 –   **IN RE: IMPULSE MONITORING, INC., HUMANA
INTRAOPERATIVE MONITORING SERVICES CLAIMS AND
EMPLOYEE RETIREMENT INCOME SECURITY ACT (ERISA)
LITIGATION**

Motion of defendant Humana Health Plan, Inc., to transfer the following actions to the
United States District Court for the Western District of Tennessee or, in the alternative, to the
United States District Court for the Northern District of Georgia:

Northern District of Georgia

IMPULSE MONITORING, INC. v. HUMANA HEALTH PLAN, INC.,
C.A. No. 1:14–01637
IMPULSE MONITORING, INC. v. HUMANA HEALTH PLAN, INC.,
C.A. No. 1:14–01639
IMPULSE MONITORING, INC. v. HUMANA HEALTH PLAN, INC.,
C.A. No. 1:14–01640
IMPULSE MONITORING, INC. v. HUMANA HEALTH PLAN, INC.,
C.A. No. 1:14–01641
IMPULSE MONITORING, INC. v. HUMANA HEALTH PLAN, INC.,
C.A. No. 1:14–01642
IMPULSE MONITORING, INC. v. HUMANA HEALTH PLAN, INC.,
C.A. No. 1:14–01643
IMPULSE MONITORING, INC. v. HUMANA HEALTH PLAN, INC.,
C.A. No. 1:14–01644
IMPULSE MONITORING, INC. v. HUMANA HEALTH PLAN, INC.,
C.A. No. 1:14–01645
IMPULSE MONITORING, INC. v. HUMANA HEALTH PLAN, INC.,
C.A. No. 1:14–01646

IMPULSE MONITORING, INC. v. HUMANA HEALTH PLAN, INC.,
    C.A. No. 1:14‒01647
IMPULSE MONITORING, INC. v. HUMANA HEALTH PLAN, INC.,
    C.A. No. 1:14‒01649
IMPULSE MONITORING, INC. v. HUMANA HEALTH PLAN, INC.,
    C.A. No. 1:14‒01650
IMPULSE MONITORING, INC. v. HUMANA HEALTH PLAN, INC.,
    C.A. No. 1:14‒01651
IMPULSE MONITORING, INC. v. HUMANA HEALTH PLAN, INC.,
    C.A. No. 1:14‒01652
IMPULSE MONITORING, INC. v. HUMANA HEALTH PLAN, INC.,
    C.A. No. 1:14‒01653
IMPULSE MONITORING, INC. v. HUMANA HEALTH PLAN, INC.,
    C.A. No. 1:14‒01654
IMPULSE MONITORING, INC. v. HUMANA HEALTH PLAN, INC.,
    C.A. No. 1:14‒01655
IMPULSE MONITORING, INC. v. HUMANA HEALTH PLAN, INC.,
    C.A. No. 1:14‒01656
IMPULSE MONITORING, INC. v. HUMANA HEALTH PLAN, INC.,
    C.A. No. 1:14‒02039
IMPULSE MONITORING, INC. v. HUMANA HEALTH PLAN, INC.,
    C.A. No. 1:14‒02053
IMPULSE MONITORING, INC. v. HUMANA HEALTH PLAN, INC.,
    C.A. No. 1:14‒02054
IMPULSE MONITORING, INC. v. HUMANA HEALTH PLAN, INC.,
    C.A. No. 1:14‒02056
IMPULSE MONITORING, INC. v. HUMANA HEALTH PLAN, INC.,
    C.A. No. 1:14‒02058
IMPULSE MONITORING, INC. v. HUMANA HEALTH PLAN, INC.,
    C.A. No. 1:14‒02059
IMPULSE MONITORING, INC. v. HUMANA HEALTH PLAN, INC.,
    C.A. No. 1:14‒02060
IMPULSE MONITORING, INC. v. HUMANA HEALTH PLAN, INC.,
    C.A. No. 1:14‒02061

      <u>District of Minnesota</u>

IMPULSE MONITORING, INC., ET AL. v. HUMANA HEALTH PLAN, INC.,
    ET AL., C.A. No. 0:14‒01815
IMPULSE MONITORING, INC. v. HUMANA HEALTH PLAN, INC.,
    C.A. No. 0:14‒02146

<u>Eastern District of North Carolina</u>

IMPULSE MONITORING, INC. v. HUMANA HEALTH PLAN, INC.,
   C.A. No. 5:14‑00327
IMPULSE MONITORING, INC. v. HUMANA HEALTH PLAN, INC.,
   C.A. No. 5:14‑00328
IMPULSE MONITORING, INC. v. HUMANA HEALTH PLAN, INC.,
   C.A. No. 5:14‑00329
IMPULSE MONITORING, INC. v. HUMANA HEALTH PLAN, INC.,
   C.A. No. 7:14‑00103

<u>Western District of North Carolina</u>

IMPULSE MONITORING, INC. v. HUMANA HEALTH PLAN, INC.,
   C.A. No. 2:14‑00021
IMPULSE MONITORING, INC. v. HUMANA HEALTH PLAN, INC.,
   C.A. No. 3:14‑00296
IMPULSE MONITORING, INC. v. HUMANA HEALTH PLAN, INC.,
   C.A. No. 3:14‑00297

<u>District of South Carolina</u>

IMPULSE MONITORING, INC. v. HUMANA HEALTH PLAN INC.,
   C.A. No. 3:14‑02052
IMPULSE MONITORING, INC. v. HUMANA HEALTH PLAN INC.,
   C.A. No. 3:14‑02280
IMPULSE MONITORING, INC. v. HUMANA HEALTH PLAN INC.,
   C.A. No. 4:14‑02050
IMPULSE MONITORING, INC. v. HUMANA HEALTH PLAN INC.,
   C.A. No. 4:14‑02154

<u>Eastern District of Tennessee</u>

IMPULSE MONITORING, INC. v. HUMANA HEALTH PLAN, INC.,
   C.A. No. 3:14‑00250
IMPULSE MONITORING, INC. v. HUMANA HEALTH PLAN, INC.,
   C.A. No. 3:14‑00313
IMPULSE MONITORING, INC. v. HUMANA HEALTH PLAN, INC.,
   C.A. No. 3:14‑00314

Middle District of Tennessee

IMPULSE MONITORING, INC. v. HUMANA HEALTH PLAN, INC.,
    C.A. No. 2:14‑00055
IMPULSE MONITORING, INC. v. HUMANA HEALTH PLAN, INC.,
    C.A. No. 3:14‑01253
IMPULSE MONITORING, INC. v. HUMANA HEALTH PLAN, INC.,
    C.A. No. 3:14‑01254
IMPULSE MONITORING, INC. v. HUMANA HEALTH PLAN, INC.,
    C.A. No. 3:14‑01407
IMPULSE MONITORING, INC. v. HUMANA HEALTH PLAN, INC.,
    C.A. No. 3:14‑01438

Western District of Tennessee

IMPULSE MONITORING, INC. v. HUMANA HEALTH PLAN, INC.,
    C.A. No. 1:14‑01124
IMPULSE MONITORING, INC. v. HUMANA HEALTH PLAN, INC.,
    C.A. No. 1:14‑01125
IMPULSE MONITORING, INC. v. HUMANA HEALTH PLAN, INC.,
    C.A. No. 1:14‑01131
IMPULSE MONITORING, INC. v. HUMANA HEALTH PLAN, INC.,
    C.A. No. 1:14‑01158
IMPULSE MONITORING, INC. v. HUMANA HEALTH PLAN, INC.,
    C.A. No. 1:14‑02514

Western District of Texas

IMPULSE MONITORING, INC. v. HUMANA HEALTH PLAN, INC.,
    C.A. No. 3:14‑00207
IMPULSE MONITORING, INC. v. HUMANA HEALTH PLAN, INC.,
    C.A. No. 3:14‑00215

Western District of Virginia

IMPULSE MONITORING, INC. v. HUMANA HEALTH PLAN, INC.,
    C.A. No. 6:14‑00017
IMPULSE MONITORING, INC. v. HUMANA HEALTH PLAN, INC.,
    C.A. No. 7:14‑00308

Northern District of West Virginia

IMPULSE MONITORING, INC. v. HUMANA HEALTH PLAN, INC.,
   C.A. No. 3:14‑00050
IMPULSE MONITORING, INC.  v. HUMANA HEALTH PLAN, INC.,
   C.A. No. 3:14‑00051

MDL No. 2598 ‑ **IN RE: NARCONON DRUG REHABILITATION MARKETING,
      SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION**

Motion of plaintiffs David Welch, et al., to transfer the following actions to the United States District Court for the District of Nevada:

Central District of California

LOVETT v. ASSOCIATION OF BETTER LIVING AND EDUCATION
   INTERNATIONAL, ET AL., C.A. No. 2:14‑06430
NORD‑SHAFER, ET AL. v. ASSOCIATION OF BETTER LIVING
   AND EDUCATION INTERNATIONAL, ET AL., C.A. No. 2:14‑06438

Northern District of California

O'CONNELL, ET AL. v. NARCONON OF NORTHERN
   CALIFORNIA, ET AL., C.A. No. 5:14‑02660

Southern District of California

ESTRADA, ET AL. v. NARCONON FRESH START, ET AL., C.A. No. 3:14‑00586
AMATO v. NARCONON FRESH START, ET AL., C.A. No. 3:14‑00588
BURCHETT, ET AL. v. NARCONON FRESH START, ET AL.,
   C.A. No. 3:14‑01678
KELLER, ET AL. v. NARCONON FRESH START, ET AL., C.A. No. 3:14‑02168
HENNING, ET AL. v. NARCONON FRESH START, ET AL., C.A. No. 3:14‑02379

District of Colorado

MOTT, ET AL. v. NARCONON FRESH START, C.A. No. 1:14‑01293
MATTHYS, ET AL. v. NARCONON FRESH START, ET AL., C.A. No. 1:14‑01304
LEVY v. NARCONON FRESH START, ET AL., C.A. No. 1:14‑01591
VAIRO, ET AL. v. NARCONON FRESH START, ET AL., C.A. No. 1:14‑02748
COURSON, ET AL. v. NARCONON FRESH START, ET AL., C.A. No. 1:14‑02768

District of Nevada

WELCH, ET AL. v. NARCONON FRESH START, C.A. No. 2:14‒00167
TARR, ET AL. v. NARCONON FRESH START, C.A. No. 2:14‒00283
GEANACOPULOS, ET AL. v. NARCONON FRESH START, ET AL.,
   C.A. No. 2:14‒00629
YATES, ET AL. v. NARCONON FRESH START, ET AL., C.A. No. 2:14‒00837
WINCHELL, ET AL. v. NARCONON FRESH START, ET AL., C.A. No. 2:14‒00851
MCCLURE, ET AL. v. NARCONON FRESH START, ET AL., C.A. No. 2:14‒00995
TINO, ET AL. v. NARCONON FRESH START, ET AL., C.A. No. 2:14‒01083
KOSLOW, ET AL. v. NARCONON FRESH START, ET AL., C.A. No. 2:14‒01588
MARTIN, ET AL. v. NARCONON FRESH START, ET AL., C.A. No. 2:14‒01599

## MDL No. 2599 ‒ IN RE: TAKATA AIRBAG PRODUCTS LIABILITY LITIGATION

Motion of plaintiffs Craig Dunn, et al., to transfer the following actions to the United
States District Court for the Southern District of Florida:

Central District of California

TAKEDA, ET AL. v. TAKATA CORPORATION, ET AL.,
   C.A. No. 2:14‒08324
ARCHER v. TAKATA CORPORATION, ET AL., C.A. No. 2:14‒08447

Southern District of Florida

DUNN, ET AL. v. TAKATA CORPORATION, ET AL., C.A. No. 1:14‒24009
BONET, ET AL. v. TAKATA CORPORATION, ET AL., C.A. No. 1:14‒24087

Eastern District of Michigan

MORRIS, ET AL. v. TAKATA CORPORATION, ET AL., C.A. No. 2:14‒14209

## MDL No. 2600 ‒ IN RE: PROTEGRITY CORPORATION AND PROTEGRITY USA, INC., PATENT LITIGATION

Motion of Protegrity Corporation and Protegrity USA, Inc., to transfer the following
actions to the United States District Court for the District of Connecticut:

Northern District of California

PROTEGRITY CORP. v. INFORMATICA CORP., C.A. No. 3:14‒02588
SKYHIGH NETWORKS, INC. v. PROTEGRITY CORP., C.A. No. 3:14‒03151

SQUARE, INC. v. PROTEGRITY CORP., C.A. No. 3:14−03423
PROTEGRITY CORP. v. DATAGUISE, INC., C.A. No. 3:14−04283

     Southern District of California

IPS GROUP, INC. v. PROTEGRITY CORP., C.A. No. 3:14−00075

     District of Connecticut

PROTEGRITY CORP. v. PERSPECSYS USA, INC., C.A. No. 3:13−01383
PROTEGRITY CORP. v. PRIME FACTORS, INC., C.A. No. 3:13−01384
PROTEGRITY CORP. v. TRUSTWAVE HOLDINGS, INC., C.A. No. 3:13−01409
PROTEGRITY CORP. v. AJB SOFTWARE DESIGN, INC., C.A. No. 3:13−01484
PROTEGRITY CORP. v. TOKENEX, LLC, C.A. No. 3:13−01719
PROTEGRITY CORP. v. EPICOR SOFTWARE CORP., C.A. No. 3:13−01781
PROTEGRITY CORP. v. SHIFT4 CORP., C.A. No. 3:13−01802
PROTEGRITY CORP., ET AL. v. CORDURO, INC., C.A. No. 3:14−01076
SHIFT4 CORPORATION v. PROTEGRITY CORP., C.A. No. 3:14−01427

     Northern District of Oklahoma

TOKENEX, LLC v. PROTEGRITY CORP., C.A. No. 4:14−00445

     District of Oregon

PRIME FACTORS, INC. v. PROTEGRITY USA, INC., C.A. No. 6:14−00476

     Northern District of Texas

TRANSFIRST, LLC v. PROTEGRITY CORP., ET AL., C.A. No. 3:14−02727
CORDURO, INC. v. PROTEGRITY CORP., ET AL., C.A. No. 3:14−02990

MDL No. 2601 − **IN RE: CONVERGENT OUTSOURCING, INC., FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) LITIGATION**

Motion of defendant Convergent Outsourcing, Inc., to transfer the following actions to the United States District Court for the Southern District of Texas:

     Middle District of Florida

RIFFLE v. CONVERGENT OUTSOURCING, INC., ET AL., C.A. No. 6:14−01181

Northern District of Illinois

MCMAHON v. GALAXY ASSET PURCHASING, LLC, ET AL., C.A. No. 1:14−05257

Western District of Pennsylvania

WHALEN v. CONVERGENT OUTSOURCING, INC., ET AL., C.A. No. 2:14−01519

District of South Carolina

ALDRICH v. CONVERGENT OUTSOURCING, INC., C.A. No. 7:14−03456

Southern District of Texas

KEETON v. CONVERGENT OUTSOURCING, INC., ET AL., C.A. No. 1:14−00131
KEETON v. CONVERGENT OUTSOURCING, INC., ET AL., C.A. No. 1:14−00132

MDL No. 2602 − **IN RE: RUST−OLEUM RESTORE MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION**

Motion of defendant Rust-Oleum Corporation to transfer the following actions to the
United States District Court for the Northern District of Illinois:

Northern District of Illinois

MCCAIN, ET AL. v. RUST−OLEUM CORPORATION, ET AL., C.A. No. 1:14−04852
SHOGREN, ET AL. v. RUST-OLEUM CORPORATION, C.A. No. 1:14−08058

District of Maryland

WEBBER, ET AL. v. RUST−OLEUM CORPORATION, ET AL., C.A. No. 1:14−02248

Southern District of New York

FERNANDEZ v. RUST−OLEUM CORPORATION, ET AL., C.A. No. 7:14−08857

Eastern District of North Carolina

LEONARD, ET AL. v. RUST−OLEUM CORPORATION, C.A. No. 7:14−00259

Eastern District of Pennsylvania

CADY, ET AL. v. RUST−OLEUM CORPORATION, C.A. No. 5:14−06156

-10-

MDL No. 2603 –  **IN RE: GENERAL ELECTRIC CAPITAL CORPORATION THOMAS PETTERS INVESTMENT LITIGATION**

Motion of defendant General Electric Capital Corporation to transfer the following actions to the United States District Court for the District of Minnesota:

<u>Southern District of Florida</u>

MUKAMAL v. GENERAL ELECTRIC CAPITAL CORPORATION,
  Bky. Adv. No. 9:12–01979

<u>Northern District of Illinois</u>

GECKER v. GENERAL ELECTRIC CAPITAL CORPORATION,
  C.A. No. 1:14–08447

<u>District of Minnesota</u>

GREENPOND SOUTH, LLC v. GENERAL ELECTRIC CAPITAL CORPORATION,
  C.A. No. 0:14–01214

<u>Southern District of New York</u>

RITCHIE CAPITAL MANAGEMENT, LL., ET AL. v. GENERAL ELECTRIC
  CAPITAL CORPORATION, C.A. No. 1:14–08623

MDL No. 2604 –  **IN RE: CARIBBEAN CRUISE LINE, INC., TELEPHONE CONSUMER PROTECTION ACT (TCPA) LITIGATION**

Motion of plaintiffs David Izsak, et al., to transfer the following actions to the United States District Court for the Southern District of Florida:

<u>Southern District of Florida</u>

IZSAK, ET AL. v. CARIBBEAN CRUISE LINE, INC., C.A. No. 0:14–62231

<u>Northern District of Illinois</u>

GORDON v. CARIBBEAN CRUISE LINE, INC., ET AL., C.A. No. 1:14–05848
IOSELLO v. CARIBBEAN CRUISE LINE, INC., ET AL., C.A. No. 1:14–06118

<u>Eastern District of New York</u>

JACKSON v. CARIBBEAN CRUISE LINE, INC., ET AL., C.A. No. 2:14–02485

## SECTION B
## MATTERS DESIGNATED FOR CONSIDERATION WITHOUT ORAL ARGUMENT

MDL No. 875 – **IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

Opposition of defendants CBS Corporation; Saint-Gobain Abrasives, Inc.; Sepco Corporation; Honeywell International, Inc.; Dana Companies, LLC; Crane Co.; Cameron International Corporation; and Cummins, Inc., to remand, under 28 U.S.C. § 1407(a), of the following action to the United States District Court for the Southern District of Alabama:

Southern District of Alabama

PRESLEY v. BILL VANN COMPANY, INC., ET AL., C.A. No. 2:11–00444

MDL No. 2165 – **IN RE: ENDANGERED SPECIES ACT SECTION 4 DEADLINE LITIGATION**

Motion of defendants United States Department of the Interior, S.M.R. Jewell, The United States Fish and Wildlife Service, Daniel Ashe, Gary Frazer, and Jontie Aldrich to transfer the following action to the United States District Court for the District of District of Columbia:

Northern District of Oklahoma

THE STATE OF OKLAHOMA, ET AL. v. DEPARTMENT OF THE INTERIOR, ET AL., C.A. No. 4:14–00123

MDL No. 2265 – **IN RE: COUNTRYWIDE FINANCIAL CORP. MORTGAGE–BACKED SECURITIES LITIGATION**

Motion of defendant Countrywide Securities Corporation to transfer the following action to the United States District Court for the Central District of California:

Eastern District of Virginia

COMMONWEALTH OF VIRGINIA EX REL. INTEGRA REC LLC v. COUNTRYWIDE SECURITIES CORPORATION, ET AL., C.A. No. 3:14–00706

MDL No. 2272 – **IN RE: ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION**

Opposition of defendants Zimmer, Inc.; Zimmer Holdings, Inc.; and Zimmer Surgical, Inc., f/k/a Zimmer Orthopaedic Surgical Products, Inc., to transfer of the following action to the United States District Court for the Northern District of Illinois:

Western District of Wisconsin

SOBOTTKA v. ZIMMER SURGICAL, INC., ET AL., C.A. No. 3:14–00800

MDL No. 2286 – **IN RE: MIDLAND CREDIT MANAGEMENT, INC., TELEPHONE CONSUMER PROTECTION ACT (TCPA) LITIGATION**

Oppositions of plaintiffs Adeline Vales and Henry Gaddis to transfer of their respective following actions to the United States District Court for the Southern District of California:

Northern District of Georgia

VALES v. MIDLAND CREDIT MANAGEMENT, INC., ET AL., C.A. No. 1:14–02590

Northern District of Texas

GADDIS v. MIDLAND CREDIT MANAGEMENT, INC., C.A. No. 3:14–03661

MDL No. 2326 – **IN RE: BOSTON SCIENTIFIC CORP. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiffs Anita L. Zurliene, et al., to transfer of the following action to the United States District Court for the Southern District of West Virginia:

Southern District of Illinois

ZURLIENE, ET AL. v. KOTSIKAS, ET AL., C.A. No. 3:14–01293

MDL No. 2327 – **IN RE: ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION**

Oppositions of plaintiffs Cheryl Pemberton, et al.; Helen Huston, et al.; Rose Kraft, et al.; Brenda Kroll, et al.; Teresa Evans, et al.; and Nadine Seymour, et al., to transfer of their respective following actions to the United States District Court for the Southern District of West Virginia:

Western District of Missouri

PEMBERTON, ET AL. v. ROBERTS, ET AL., C.A. No. 3:14–05150

Northern District of Texas

HUSTON, ET AL. v. JOHNSON & JOHNSON, ET AL., C.A. No. 3:14−03465
KRAFT, ET AL. v. ETHICON, INC., C.A. No. 3:14−03467
KROLL, ET AL. v. ETHICON, INC., ET AL., C.A. No. 3:14−03955

Southern District of Texas

EVANS, ET AL. v. JOHNSON & JOHNSON, ET AL., C.A. No. 4:14−02800
SEYMOUR, ET AL. v. JOHNSON & JOHNSON, ET AL., C.A. No. 4:14−02804

MDL No. 2331 − **IN RE: PROPECIA (FINASTERIDE) PRODUCTS LIABILITY
LITIGATION**

Opposition of plaintiff Kyle Michelson to transfer of the following action to the United
States District Court for the Eastern District of New York:

Central District of California

MICHELSON v. RICHARD RASSMAN, M.D., ET AL., C.A. No. 2:14−07486

MDL No. 2419 − **IN RE: NEW ENGLAND COMPOUNDING PHARMACY, INC.,
PRODUCTS LIABILITY LITIGATION**

Oppositions of defendants Anonymous Health Care Provider 1, Anonymous Health Care
Provider 4, Anonymous Health Care Provider 5, Anonymous Medical Clinic, and Anonymous
M.D., to transfer of their respective following actions to the United States District Court for the
District of Massachusetts:

Northern District of Indiana

HOSEA, ET AL. v. UNIFIRST CORPORATION, ET AL., C.A. No. 3:14−01878

Southern District of Indiana

ALLEN v. ANONYMOUS HEALTH CARE PROVIDERS 1−8, C.A. No. 3:14−00119

MDL No. 2428 –  **IN RE: FRESENIUS GRANUFLO/NATURALYTE DIALYSATE PRODUCTS LIABILITY LITIGATION**

Oppositions of plaintiffs Nyree Burris, et al.; Paula Bodnar, et al.; Paul Cook, et al.; Lahoma Schultz, et al.; Joy Nicholson, et al.; Joseph Laskowski, et al.; Claire Hawk, et al.; and Linda Huffman, et al., and defendants Renal Treatment Center-West, Inc.; and Chris M. Sholer, M.D., to transfer of their respective following actions to the United States District Court for the District of Massachusetts:

Western District of Oklahoma

BURRIS, ET AL. v. FRESENIUS USA, INC., ET AL., C.A. No. 5:14‒01065
BODNAR, ET AL. v. FRESENIUS USA, INC., ET AL., C.A. No. 5:14‒01083
COOK, ET AL. v. FRESENIUS USA, INC., ET AL., C.A. No. 5:14‒01104
SCHULTZ, ET AL. v. FRESENIUS USA, INC., ET AL., C.A. No. 5:14‒01113
NICHOLSON, ET AL. v. FRESENIUS USA, INC., ET AL., C.A. No. 5:14‒01114
LASKOWSKI, ET AL. v. FRESENIUS USA, INC., ET AL., C.A. No. 5:14‒01154
HAWK, ET AL. v. FRESENIUS USA, INC., ET AL., C.A. No. 5:14‒01162
HUFFMAN, ET AL. v. FRESENIUS USA, INC., ET AL., C.A. No. 5:14‒01191

MDL No. 2434 –  **IN RE: MIRENA IUD PRODUCTS LIABILITY LITIGATION**

Motion of plaintiff Tyana Anderson and defendant Bayer HealthCare Pharmaceuticals Inc., to transfer the following action to the United States District Court for the Southern District of New York:

District of New Jersey

ANDERSON v. BAYER HEALTHCARE PHARMACEUTICALS, INC., ET AL., C.A. No. 2:14‒05607

MDL No. 2478 –  **IN RE: CONVERGENT TELEPHONE CONSUMER PROTECTION ACT (TCPA) LITIGATION**

Oppositions of plaintiffs Phillip Adkins and Guy Manning and defendant T-Mobile USA, Inc., to transfer of the *Adkins* and *Manning* actions to the United States District Court for the District of Connecticut and motions of defendant Convergent Outsourcing, Inc., to transfer the *Phan* and *Dietz* actions to the United States District Court for the District of Connecticut:

Middle District of Florida

PHAN v. COVERGENT OUTSOURCING, INC., C.A. No. 3:14‒00084
ADKINS v. T‒MOBILE USA, INC., ET AL., C.A. No. 8:14‒02554

District of Nevada

MANNING v. CONVERGENT OUTSOURCING, INC., C.A. No. 2:14‒01633

Western District of Washington

DIETZ v. CONVERGENT OUTSOURCING, INC., C.A. No. 3:14‒05838

MDL No. 2543 ‒ **IN RE: GENERAL MOTORS LLC IGNITION SWITCH LITIGATION**

Opposition of plaintiff Karen Bloom to transfer of the *Bloom* action to the United States District Court for the Southern District of New York and motion of defendant General Motors LLC for reconsideration of the Panel's order vacating conditional transfer order of the *Morgan* action:

Western District of Louisiana

MORGAN, ET AL. v. GENERAL MOTORS LLC, C.A. No. 5:14‒01058

Middle District of Pennsylvania

BLOOM v. GENERAL MOTORS LLC, C.A. No. 3:14‒01903

MDL No. 2545 ‒ **IN RE: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION**

Oppositions of plaintiffs Cheryl Hoholek, et al., and Sylvester Hebron, et al., to transfer of their respective following actions to the United States District Court for the Northern District of Illinois:

Northern District of Indiana

HOHOLEK, ET AL. v. ABBVIE, INC., ET AL., C.A. No. 2:14‒00405

Eastern District of Missouri

HEBRON, ET AL. v. ABBVIE INC., ET AL., C.A. No. 4:14‒01910

MDL No. 2557 – **IN RE: AUTO BODY SHOP ANTITRUST LITIGATION**

  Opposition of defendant Farm Bureau Town & Country Insurance Company of Missouri to transfer of the *Concord Auto Body, Inc.* action to the United States District Court for the Middle District of Florida, and motion of defendant Progressive Hawaii Insurance Company to transfer the *Price's Collision Center, LLC,* action to the United States District Court for the Middle District of Florida:

    <u>Eastern District of Missouri</u>

  CONCORD AUTO BODY, INC. v. STATE FARM MUTUAL AUTOMOBILE
    INSURANCE COMPANY, ET AL., C.A. No. 4:14–01857

    <u>Middle District of Tennessee</u>

  PRICE'S COLLISION CENTER, LLC v. PROGRESSIVE HAWAII INSURANCE
    CORPORATION, C.A. No. 3:12–00873

RULE 11.1: HEARING SESSIONS AND ORAL ARGUMENT

(a)    <u>Schedule</u>. The Panel shall schedule sessions for oral argument and consideration of other matters as desirable or necessary. The Chair shall determine the time, place and agenda for each hearing session. The Clerk of the Panel shall give appropriate notice to counsel for all parties. The Panel may continue its consideration of any scheduled matters.

(b)    <u>Oral Argument Statement</u>. Any party affected by a motion may file a separate statement setting forth reasons why oral argument should, or need not, be heard. Such statements shall be captioned "Reasons Why Oral Argument Should [Need Not] Be Heard" and shall be limited to 2 pages.

(i)    The parties affected by a motion to transfer may agree to waive oral argument. The Panel will take this into consideration in determining the need for oral argument.

(c)    Hearing Session. The Panel shall not consider transfer or remand of any action pending in a federal district court when any party timely opposes such transfer or remand without first holding a hearing session for the presentation of oral argument. The Panel may dispense with oral argument if it determines that:

(i)    the dispositive issue(s) have been authoritatively decided; or
(ii)   the facts and legal arguments are adequately presented and oral argument would not significantly aid the decisional process.

Unless otherwise ordered, the Panel shall consider all other matters, such as a motion for reconsideration, upon the basis of the pleadings.

(d)    <u>Notification of Oral Argument</u>. The Panel shall promptly notify counsel of those matters in which oral argument is scheduled, as well as those matters that the Panel will consider on the pleadings. The Clerk of the Panel shall require counsel to file and serve notice of their intent to either make or waive oral argument. Failure to do so shall be deemed a waiver of oral argument. If counsel does not attend oral argument, the matter shall not be rescheduled and that party's position shall be treated as submitted for decision on the basis of the pleadings filed.

(i)    Absent Panel approval and for good cause shown, only those parties to actions who have filed a motion or written response to a motion or order shall be permitted to present oral argument.
(ii)   The Panel will not receive oral testimony except upon notice, motion and an order expressly providing for it.

(e)    <u>Duty to Confer</u>. Counsel in an action set for oral argument shall confer separately prior to that argument for the purpose of organizing their arguments and selecting representatives to present all views without duplication. Oral argument is a means for counsel to emphasize the key points of their arguments, and to update the Panel on any events since the conclusion of briefing.

(f)    <u>Time Limit for Oral Argument</u>. Barring exceptional circumstances, the Panel shall allot a maximum of 20 minutes for oral argument in each matter. The time shall be divided among those with varying viewpoints. Counsel for the moving party or parties shall generally be heard first.